The opinion of the Court was delivered by
Johnston, Ch.
In the decree of 1850,(a) which was made *183 in Lawton vs. Hunt, to which the present petitioners, as well as the devisees and other legatees of William Mathews, were parties, the petitioners’ claim as legatees was established; and th’e late Master (Laurens) was ordered by sale of property demised and bequeathed to Mrs. Colburn and Mrs. Hunt, severally, to raise money sufficient to pay off creditors of the estate and to pay and satisfy legacies, which had been ascertained and reported. This included the legacies of the present petitioners.
It appears that Mrs. Colburn and Mrs. Hunt paid to the Master a sum sufficient to satisfy these legacies ; but that the Master wasted a portion of it, leaving the legatees unsatisfied to the extent of three thousand one hundred and fifty-six dollars and seventeen cents. By pursuing the sureties to the official bond of Laurens, the petitioners have been enabled to recover two thousand two hundred and fifty-nine dollars and fifty-nine cents, (less expenses of recovery, two hundred and twenty-five dollars); thus reducing their loss (interest being computed) to one thousand seven hundred and thirty-four dollars and seventy-three cents, on the 27th of June, 1854.
The petitioners have been let in by the present decree, to a remedy against the devisees, for the balance due the petitioners of money paid by the devisees to the Master, in satisfaction of their claim, but which the Master has wasted.
It appears to the Court, that when money is paid to an officer charged by law to coerce payment, the debt or demand on which it is paid, is extinguished as to him.who makes the payment :(a) and the remedy of the party aggrieved by a subsequent misappropriation of the fund must be against the officer. The debtor is not to be converted into a surety of the officer whom he has not selected, and whom he has been unwillingly compelled to recognize. It is enough for a party of this description to have paid his debt once: and, besides, in *184 the decree before referred to (of 1850), it is expressly provided, that when payment is made, the property of the devisees shall be “ freed and discharged from any interference on the part of any of the parties to the suit.”
It does not militate against this doctrine, that moneys deposited pendente lite, or as a security, or under interlocutory proceedings, may be at the risk of the depositor.(a) The money in this case was paid on a claim finally adjudicated and allowed, and under an authority in the Master to coerce payment and receive the money.
It is ordered that the petition so far as it seeks to subject the property of the defendants, be dismissed, and the decree so far as it gives a remedy by sale of their property reversed.
Dab,gan, Oh., concurred.
Wakdlaw, Oh., absent from sickness.

 4 Strob. Eq. 23.

 O’Neall vs. Lusk, 1 Bail. 220.

 3 Danl. Pr. 2019.